# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-00443-SKO PC<br><br>ORDER DISMISSING STATE AND STATE AGENCY DEFENDANTS, WITH PREJUDICE, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

### I.  Screening Order and Requirement

Plaintiff Matthew Alan Lawrie, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2013.[1]  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

---

[1] Plaintiff is subject to 28 U.S.C. § 1915(g), which precludes him from proceeding in forma pauperis unless, at the time the complaint is filed, he is under imminent danger of serious physical injury.  The Court reviewed Plaintiff's allegations at the time he filed suit and determined they were sufficient to satisfy the imminent danger exception.  *Andrews v. Cervantes*, 493 F.3d 1047, 1055-57 (9th Cir. 2007).

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

   **A.     Allegations**

Plaintiff alleges that he is in severe pain and need neck surgery. For many years, Plaintiff has taken ibuprofen for pain, but it causes him to suffer from bleeding sores in his colon. Plaintiff has had many colonoscopies and polyps removed over the years, and he alleges that the cycle could be stopped with neck surgery.

Plaintiff also alleges he has had lower back problems since he was twenty-one years old and he needs fusion surgery on his back.

Plaintiff names the State of California, Associate Warden R. Diaz, Dr. Godwin Ugweze, Dr. Kokor, the County of Corcoran, Corcoran District Hospital and its trustees, Medical Overseer Kelso, the Workers' Compensation Appeals Board, and Lawrie Company Incorporated as defendants. Plaintiff is seeking injunctive relief in the form of an order mandating surgery.

### B. Claims Brought Pursuant to Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

The State of California and the Workers' Compensation Appeals Board have absolute immunity from suit under section 1983 and they are dismissed from this action, with prejudice. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Plaintiff alleges no facts supporting the existence of any viable claim for relief against Lawrie Company Incorporated in this federal action. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012). Finally, with respect to the other named defendants, Plaintiff alleges no facts giving rise to a claim for relief under section 1983. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to Plaintiff's serious medical needs, but "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the

course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Here, while chronic, severe neck and back pain support the existence of an objectively serious medical need, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), Plaintiff has not alleged any facts linking the named defendants to actions or omissions which evidence deliberate indifference, *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122. The Court will provide Plaintiff with one opportunity to amend.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.   The State of California and the Workers' Compensation Appeals Board are dismissed, with prejudice;

4

2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.


IT IS SO ORDERED.

Dated:   **October 28, 2013**                         **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE